# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA | |
| v. | |
| | Case No. 18-mj-102 (GMH) |
| DANIEL A. NICKELSON, JR., | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM OPINION

The defendant, Daniel A. Nickelson, Jr., has been charged by criminal complaint, with three charges of distributing, conspiring to distribute and advertising to offer to distribute child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1) and 2251(d). Crim. Compl. at 1, ECF No. 1. Following the defendant's arrest, on August 28, 2018, in his home state of Arizona, the government's motion for pretrial detention was denied by a magistrate judge in the District of Arizona at a detention hearing held on September 5, 2018, and the magistrate judge instead entered an order for pretrial release of the defendant to home confinement without access to the internet. The magistrate judge stayed the order pending the government's appeal, *see* Min. Entry (dated September 5, 2018), District of Arizona, 4:18-mj-05938, and the defendant was ordered transported to this District, *see* Order Granting Gov't's Mot. Transport of Def., ECF No. 7. Thereafter, based upon the evidence proffered by the parties at a detention hearing, on October 12, 2018, before this Court, the government's motion to detain the defendant was granted. *See* Min. Entry (Oct. 12, 2018). This Memorandum Opinion sets out the findings and

reasons for detention.  *See* 18 U.S.C. § 3142(i)(1) (requiring that a detention order "include written findings of fact and a written statement of the reasons for the detention"); *see also United States v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011) (noting that the Bail Reform Act requires pretrial detention order be supported by "a clear and legally sufficient basis for the court's determination" in written findings of fact and a written statement of the reasons for the detention or in "the transcription of a detention hearing" (quoting *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988))) (per curiam).

## I.     BACKGROUND AND FINDINGS

At the detention hearing, the government relied, as support for seeking the defendant's pretrial detention, largely on the factual allegations set out in the criminal complaint, as well as statements made by the defendant at the time of his arrest and the preliminary results of a forensic examination of the defendant's cell phone recovered from his person at the time of his arrest.  In particular, as detailed in the criminal complaint, a D.C. Metropolitan Police Department detective ("UC"), who was acting undercover as part of the MPD-FBI Child Exploitation Task Force operating out of a local office in Washington, D.C., observed the defendant's activity, between July 6 and July 20, 2018, on a private KIK group called "Pedos Only," to which the UC had been invited to participate by another user.  Crim. Compl., Statement of Facts, at 1, ECF No. 1-1.  KIK is a free instant messaging mobile application that supports the transmission and receipt of multi-media content between individual users and in group chat rooms.  *Id*. at 1 n.1.  Using the username "dnick1982," the defendant asked other users of the "Pedos Only" group to send him child pornography in a private KIK message group, in order to gain entry to yet another private KIK chatroom, and also posted the query whether "Any one wanna trade vids."  *Id*. at 1.

In private KIK chats with the UC, the defendant: (1) advised the UC regarding the UC's purported minor daughter, "Just have fun with her when she is awake," and told the UC that the defendant had "a few" videos, *id*. at 2; (2) sent the UC a link to a "safe" Dropbox folder with twelve child pornography videos, including of toddlers, showing the children engaged in sexual acts with adults, *id*. at 3; (3) sent the UC directly a video of a female of an unknown age masturbating, *id*.; (4) sent the UC directly a video of a female inserting two fingers in her vagina, *id*.; and (5) on July 13, 2018, invited the UC to a second private KIK group, consisting of at least ten users, who traded child pornography images and videos, *id*. at 4.

The UC observed the defendant's activity in the second private KIK group, including: (1) on July 16, 2018, the defendant posted, a child pornography video and expressed his desire to have sexual intercourse with an underage girl, *id.*; (2) on July 16, 2018, the defendant was promoted to an "administrator" and then, the next day, to "owner" positions for the group, with the power to control access to, and content available to, the group, *id*. at 5; (3) the defendant urged other users to post more child pornography material, *id.*; (4) on July 18, 2018, the defendant uploaded the same Dropbox link previously given to the UC to the group and also uploaded images and videos of child pornography directly to the group, *id.*; and (5) on July 18 and 19, 2018, the defendant warned other users to post "good enough vids" or face removal from the group and then another user posted links to 23 Dropbox and other sites containing over 6,500 child pornography files of children appearing to be of elementary through high school age, *id*. at 6–7.

At the time of the defendant's arrest, the defendant was in possession of a cell phone on which child pornography was stored, including such images of an infant and toddler that the defendant had viewed the morning of his arrest while at work. The defendant had the usernames

of over 550 KIK users saved in his KIK account.  In a statement to law enforcement, the defendant admitted to being a KIK user but attempted to excuse his conduct with the explanation that his purpose was to obtain evidence to bring to the Federal Bureau of Investigation.

## II.    LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., provides that "a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained," and "establishes procedures for each form of release, as well as for temporary and pretrial detention."  *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (citing 18 U.S.C. § 3142(a)).  The court is required, under 18 U.S.C. § 3142(f)(1), to hold a pretrial detention hearing, upon the government's motion for detention, before releasing any defendant charged with certain serious crimes, including "a crime of violence," which is defined to include "any felony under chapter…110."  18 U.S.C. § 3156(a)(4)(C).  A judicial officer "shall order" a defendant's detention before trial, *id.* § 3142(e)(1), if, after the detention hearing held under Section 3142(f), and consideration of "the available information concerning" enumerated factors, *id.* § 3142(g), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," *id.* § 3142(e)(1).  The facts used to support this finding "shall be supported by clear and convincing evidence."  *Id.* § 3142(f).  Even if the defendant does not pose a flight risk, danger to the community alone is sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

When a defendant is charged with enumerated offenses described in Sections 3142(e)(2), (e)(3) and (f)(1), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of the community if the judicial officer finds that there is probable cause to believe

that the person committed" such an offense. 18 U.S.C. § 3142(e)(3). Once a rebuttable

presumption is triggered, the defendant bears the burden of production "to offer some credible

evidence contrary to the statutory presumption," *United States v. Alatishe*, 768 F.2d 364, 371

(D.C. Cir. 1985), while the ultimate burden of persuasion remains with the government, *see*

*United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008); *see also United States v. Abad*, 350

F.3d 793, 797 (8th Cir. 2003) ("In a presumption case such as this, a defendant bears a

limited burden of production—not a burden of persuasion—to rebut that presumption by coming

forward with evidence he does not pose a danger to the community or a risk of flight." (quoting

*United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Dominguez*, 783

F.2d 702, 707 (7th Cir. 1986) (noting that the burden remains with the government to persuade

the court that the defendant is a danger or poses a risk of non-appearance). The defendant is not

required to rebut the presumption that the criminal activity is dangerous, or even to rebut the

judicial finding as to probable cause, but only to "meet[] a 'burden of production' by coming

forward with some evidence that he will not flee or endanger the community if released."

*Dominguez*, 783 F.2d at 707.

      The judicial officer considering the propriety of pretrial detention must consider four

factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence,…or involves a minor victim. . .;
> (2) the weight of evidence against the person;
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). At the detention hearing, both the government and the defendant may offer evidence or proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1209–10 (D.C. Cir. 1996).

The standard of review for review of a magistrate judge's order for release is *de novo*, and a district judge conducting that review must "promptly," 18 U.S.C. § 3145(a), make an independent determination whether conditions of release exist that will reasonably assure the defendant's appearance in court or the safety of any other person or the community, pursuant to Section 3142(e)(1). *See* 28 U.S.C. § 636(a)(2) (authorizing magistrate judges to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial"); *id.* § 636(b)(4) (directing "[e]ach district court shall establish rules pursuant to which magistrate judges shall discharge their duties"); D.D.C. CRIM. R. 59.3(a) & (b) (providing that a magistrate judge's order issued "in a criminal matter not assigned to a district judge" and "for which review is requested in accordance with this Rule may be accepted, modified, set aside, or recommitted to the magistrate judge with instructions, after de novo review by the Chief Judge."); *see also United States v. Henry*, 280 F. Supp. 3d 125, 128 (D.D.C. 2017) ("The Court reviews *de novo* whether there are conditions of release that will reasonably assure the safety of any other person and the community."); *United States v. Hunt*, 240 F. Supp. 3d 128, 132–33 (D.D.C. 2017) (noting that "although the D.C. Circuit has not yet addressed the issue, the many circuits that have agree that the district judge should review *de novo* a detention decision rendered by a Magistrate Judge") (collecting cases). "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *United States v. Hubbard*, 962 F. Supp. 2d 212, 215 (D.D.C. 2013) (quoting *United States v. Sheffield*, 799 F. Supp. 2d 18, 20 (D.D.C. 2011)).

## III.    DISCUSSION

In this case, the defendant has not been indicted but does not dispute that there is probable cause to believe that he committed the charged offenses of conspiring to distribute, distributing and advertising for the distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1) and 2251(d).  These charged offenses trigger the rebuttable presumption under Section 3142(e)(3)(E), as "offense[s] involving a minor victim under section…2251…2252(a)(2)."  Accordingly, in light of the factual allegations and the defendant's concession as to probable cause, the rebuttable presumption under section 3142(e)(3)(E) is triggered here.

The next task is determining whether the defendant has rebutted the presumption of pretrial detention by showing any condition or combination of conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  In this regard, the defendant urges that he be released to home confinement with no Internet access.  Rough Transcript of Hearing (October 12, 2018) at 19:6–20:4.  The sufficiency of these proposed release conditions is addressed as part of consideration of the four factors, under 18 U.S.C. § 3142(g).  On the current record, these factors militate strongly in favor of pretrial detention.

### 1.    Nature and Circumstances of the Charged Offense

The first factor, the nature and circumstances of the charged offense, favors detention. The charged offenses involving the distribution of child pornography, conspiracy to do the same, and advertising to recruit others to do the same, are extremely serious.  Child pornography depicts pictorial evidence of physical sex abuse against, and exploitation of, children and the production and distribution of such contraband carries a multitude of harms.  Child pornography

victims "are harmed initially during the production of images, and the perpetual nature of child pornography distribution on the Internet causes significant additional harm to victims," and "live with persistent concern over who has seen images of their sexual abuse" and how those images are being used to cause additional harm. U.S. SENT'G COMM'N, FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) at vii (available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf). Child pornography is used to "groom" other underage victims to engage in sexual acts and, when shared in online child pornography groups that essentially form communities, "validates and normalizes the sexual abuse of children" and "contribute[s] to the further production of child pornography and, in the process, to the sexual abuse of children." *Id.* As Congress found in enacting the Child Pornography Prevention Act of 1996, "the existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." Pub. L. No. 104-208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251). Reflecting the seriousness of these charges, a violation of Section 2252(a)(2) carries a minimum term of imprisonment of five years, *see* 18 U.S.C. § 2252(b)(1), and Section 2251(d) carries a minimum term of imprisonment of fifteen years and a maximum term of imprisonment of 30 years, *see id*. § 2251(e).

The facts alleged by the government present a disturbing case of distribution of child pornography in an online "community" in which the defendant invited and then encouraged other users to participate and distribute child pornography. One individual invited and urged by the defendant to share child pornography with the KIK private group provided links to over 6,500 child pornography images and videos. To minimize the risks of further harm, the

defendant proposed, and the magistrate judge imposed, as release conditions that the defendant remain confined to his home that he shares with his is ex-wife and, since they plan to re-marry, fiancé, and not to possess electronic devices. Gov't's Mot. Emergency Review Release Order at 2, ECF No. 3; *see also* Min. Entry (dated September 5, 2018), District of Arizona Docket, 4:18-mj-05938. These conditions were intended to restrict the defendant's access to the Internet, to mitigate the risk of further harm to children through the distribution of child pornography reflecting the sexual abuse or exploitation of children.

These release conditions are simply insufficient. Monitoring compliance with the release conditions would be difficult since the defendant resides with another person, who may herself possess or have access to electronic devices capable of connecting to the Internet and storing child pornography, and may invite others to the home with such devices. The risk of re-offending looms large and, in light of the dangerousness to the most vulnerable members in our society—children—the proposed release conditions fall short of providing reasonable assurances for the safety the community.

### 2. The Weight of the Evidence

The weight of the government's evidence against defendant is very strong. The government supports the child pornography distribution, conspiracy and advertising charges with the defendant's own communications with an undercover officer, the child pornography videos and images the defendant sent directly to the UC and also uploaded to the private KIK group, as well as the defendant's invitations to others to join this KIK group and vigorous exhortation to provide child pornography material to remain in the group. In addition, although a complete forensic analysis of the cell phone recovered from the defendant at the time of his arrest is not yet complete, that analysis has so far found child pornography images stored on the defendant's

phone and, further, that the defendant viewed child pornography images as recently as the morning of his arrest and had an active presence on KIK groups, confirmed by the over 550 KIK usernames he had stored with his KIK account. Therefore, the ample weight of the evidence favors detention.

### 3. The History and Characteristics of the Defendant

As to the third factor requiring consideration of the defendant's history and characteristics, the defendant has no prior criminal history and has been employed. Yet, the defendant's employment was no bar to his access to viewing child pornography stored on his cell phone while at work, and to maintaining an active and sophisticated presence, as both administrator and owner, of a KIK group apparently dedicated to sharing large volumes of child pornography. Moreover, the defendant's quick response upon his arrest to offer the excuse that his illegal conduct was actually intended to gather evidence about the illegal distribution of contraband for law enforcement, suggests a facile tendency to dissembling that raises troubling concern about whether his compliance with any release conditions can be monitored effectively. In sum, this factor leans towards detention.

### 4 The Danger to the Community

The fourth factor, the danger to the community posed by defendant, also weighs in favor of detention since the nature of the crimes charged—distribution of, conspiracy to distribute and advertising to distribute child pornography—weighs heavily against release. As discussed in Part III.1, *supra*, the distribution and possession of child pornography constitute a danger to the community, resulting in physical and mental harm to the children depicted, normalizing such conduct among those sharing this contraband, and creating a market for such contraband, and thereby encouraging the victimization of more children. These significant harms and dangers

animated the Congress to create the statutory presumption of detention in these cases and significant statutory mandatory minimum penalties as punishment and deterrence. For the aforementioned reasons, the Court believes that the defendant presents a significant danger to the community and, given the risks posed, finds that no condition or combination of conditions will reasonably keep the community safe were the defendant to be released.

## IV.     CONCLUSION

For the foregoing reasons, upon consideration evidence proffered at the detention hearing, the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in Section 3142(c), the Court finds clear and convincing evidence that defendant's pretrial release would constitute an unreasonable danger to the community, and that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community were he to be released pending trial. Defendant has failed to rebut the presumption in favor of pretrial detention required by Section 3142(e)(3)(E).

Accordingly, the government's motion for continued detention is granted and the defendant shall remain in the custody of the Attorney General for confinement pending a final disposition in this case. An order consistent with this Memorandum Opinion and in accord with 18 U.S.C. § 3142(i), will be entered contemporaneously.

**SO ORDERED**.

Date:  October 15, 2018

_____
**BERYL A. HOWELL**
Chief Judge